**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGELICA CPREK | : | CIVIL ACTION NO.: |
| 150 South Spring Mill Road | : | |
| Villanova, PA 19085 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LEGACY URS RETIREE LIFE | : | |
| INSURANCE PLAN, | : | |
| c/o AECOM | : | |
| 13355 Noel Road, #400 | : | |
| Dallas, TX 75240 | : | |
| | : | |
| AECOM ENERGY & | : | |
| CONSTRUCTION, INC. | : | |
| 20501 Seneca Meadows Parkway | : | |
| Germantown, MD 20876 | : | |
| | : | |
| AECOM | : | |
| c/o Global Headquarters | : | |
| 13355 Noel Road, #400 | : | |
| Dallas, TX 75240 | : | |
| | : | |
| ALIGHT SOLUTIONS LLC | : | |
| 4 Overlook Point | : | |
| Lincolnshire, IL 60069 | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

Plaintiff, by undersigned counsel, complains about Defendants as follows.

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §1132(e) and/or 28 U.S.C. §1331, and/or the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a).

1

2. Venue lies in the Eastern District of Pennsylvania pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

3. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail.

## PARTIES

4. Angelica Cprek née Cassizzi ("Plaintiff") is an individual. She is the daughter and beneficiary of Joseph M. Cassizzi, who died on December 14, 2018, and the executor of his estate at all relevant times. She is a beneficiary who is or could become eligible for benefits under the employee benefit plan identified below

5. Joseph M. Cassizzi ("Retiree") is a deceased retired former employee of United Engineers & Constructors, Inc. ("UEC"), a Raytheon Company and former resident of Drexel Hill, Delaware County, Pennsylvania. He was a participant or (as to his estate) a beneficiary who was or could become eligible for benefits under the employee benefit plan identified below. This claim arises from his work with UEC in Philadelphia, Pennsylvania.

6. The Legacy URS Retiree Life Insurance Plan ("Legacy Plan") is a name attached by Plaintiff to a plan, fund or program of established or maintained by AECOM and/or AECOM EC and their predecessors for the purpose of providing its participants or their beneficiaries, through the purchase of insurance or otherwise, with benefits in the event of death or other events described in 29 U.S.C. §1002(1) and is an employee welfare benefit plan within the meaning of that section and other relevant sections of the Employee Retirement Income Security Act, as amended ("ERISA")

7. The Legacy Plan is obligated to provide benefits for Retiree and other retired employees of AECOM and/or AECOM EC or their predecessors and their subsidiaries or

affiliates, including, without limitation, UEC, and may be sued as separate legal entities under 29 U.S.C. §1132(d).

8. AECOM Energy & Construction, Inc. ("AECOM EC") is an Ohio corporation with its current principal office at the address on this complaint and is found and/or transacts business in or affecting interstate commerce in the Eastern District of Pennsylvania. It is the current name of UEC after a series of mergers and name changes (not affecting corporate continuity) to Raytheon Engineers & Constructors, Inc. to Morrison Knudsen Corporation to Washington Group International, Inc. to URS Energy & Construction, Inc. and then to its current name.

9. AECOM, Inc. ("AECOM") is a Delaware corporation with its current principal office at the address on this complaint and is found and/or transacts business in or affecting interstate commerce in the Eastern District of Pennsylvania. AECOM EC is a subsidiary of AECOM.

10. AECOM and AECOM EC are (or were at times relevant to this suit) employers in an industry or activity affecting commerce within the meaning of 29 U.S.C. § 1002(12).

11. AECOM and/or AECOM EC is (are) obligated to fund the Legacy URS Retiree Life Insurance Plan and pay benefits due under that plan.

12. Alight Solutions LLC ("Alight") is an Illinois limited liability company with its current principal office at the address on this complaint and is found, and/or transacts business in or affecting interstate commerce in the Eastern District of Pennsylvania. It is a contract administrator for the Legacy Plan on behalf of AECOM and/or AECOM EC and may have been designated as the "plan administrator" under 29 U.S.C. §1002(16) by AECOM. and/or AECOM EC.

**BACKGROUND**

13. At the time of his retirement in 1987, Retiree was provided a benefit certificate evidencing a death benefit of $9,000 under the Group Term Life and Accidental Death & Dismemberment benefit plan of UEC. A copy of the certificate is attached as Exhibit 1.

14. The UEC Group Term Life and Accidental Death & Dismemberment benefit plan is now part of the Legacy Plan.

15. Despite ongoing name changes and mergers, Retiree was advised in or about 2000 that benefit claims would still be handled by the Raytheon Benefit Center in the notice attached as Exhibit 2.

16. After an acquisition of UEC's successor by AECOM and/or its subsidiaries, Retiree received a notice in 2015 advising of the replacement of the Legacy URS EC Benefits Department by the AECOM Benefits Service Center. A copy of the notice is attached as Exhibit 3.

17. AECOM is the plan sponsor of the Legacy Plan and, absent other designation, the plan administrator for the Legacy Plan, within the meaning of 29 U.S.C. §1002(16). It is a fiduciary with respect to the Legacy Plan as an administrator and/or its power to select and direct the actions of the people who administer the Legacy Plan and/or (absent a lawful designation of others) other powers and actions described in 29 U.S.C. §1002(21)(A), including the duty to create and provide a written plan document and summary plan description under 29 U.S.C. §1102, 1022, 1021, 1024, and to establish a reasonable claims procedure under 29 U.S.C. §1133 and applicable regulations.

18. Retiree died on December 14, 2018.

19. Plaintiff has no record of any lawful notice to Retiree of the termination of his retiree death benefits before his death.

20. On or about January 11, 2019, Plaintiff wrote to the Raytheon Benefits Center to advise of her father's death (and earlier death of her mother) and request a death benefit application. A copy of the letter is attached as Exhibit 4.

21. The Raytheon Benefits Center then terminated Retiree's pension benefits from UEC but made no response to the request for a death benefits application.

22. Plaintiff's husband called the number on the November 2015 notice (attached as Exhibit 3) on or about March 12, 2019 regarding payment of death benefits due to the death of Retiree. He was advised only that someone would call back if benefits were payable. On information and belief, the person on the phone was an employee or agent of Alight.

23. Plaintiff's husband called the number on the November 2015 notice again in April 2019, again with no response.

24. Due to the absence of any response, Plaintiff sent a letter (attached as Exhibit 5) to AECOM and Alight seeking information on benefits and production of documents concerning the Legacy Plan.

25. Neither AECOM, Alight, nor the Legacy Plan provided any documents or indeed any response whatsoever to the letter attached as Exhibit 5 to date.

26. AECOM, AECOM EC, and the Legacy Plan have not made payment of benefits to Plaintiff to date.

27. AECOM and AECOM EC have otherwise failed to administer the Legacy Plan and pay benefits in accordance with their promises and governing law.

28. Plaintiff is unable to identify the claims procedure under the Legacy Plan such that a further claim for benefits or appeal under 29 U.S.C. §1133 would be impossible or futile.

29. All conditions precedent to this action and the relief it seeks are satisfied.

## COUNT I – ERISA CLAIM FOR BENEFITS

## PLAINTIFF

## V.

## LEGACY PLAN, AECOM, AECOM EC

30. Plaintiff incorporates paragraphs 1 through 29 by reference as though set forth in full.

31. Plaintiff (personally or as executor of Retiree's estate) is entitled to benefits under the Legacy Plan as the beneficiary of Retiree.

32. Plaintiff has been adversely affected or damaged by the failure of the Legacy Plan, AECOM and AECOM EC to pay benefits due under the Legacy Plan.

WHEREFORE, Plaintiff asks that the Court:

(a) grant judgment against the Legacy Plan, AECOM and AECOM EC in favor of Plaintiff for $9,000 or the benefits otherwise due to Plaintiff from the Legacy Plan,

(b) award Plaintiff reasonable attorneys' fees and costs in this action and any action to enforce an order or judgment; and

(c) grant such other equitable or remedial relief as the Court may deem appropriate.

## COUNT II – DOCUMENT PENALTY UNDER ERISA

## PLAINTIFF

## v.

## AECOM, ALIGHT

33. Plaintiff incorporates paragraphs 1 through 29 by reference as though set forth in full.

34. Plaintiff requested production of documents or information required to be produced under 29 U.S.C. §1024(b)(4) or other disclosure duties under Title I of the Employee Retirement Income Security Act (ERISA) by the letter attached as Exhibit 5.

35. AECOM and/or Alight, as the plan administrator for the Legacy Plan, has (have) failed or refused to produce documents and/or benefits information as required by 29 U.S.C. §1024(b)(4), 1132(c)(1) or other rules in ERISA and applicable regulations.

WHEREFORE, Plaintiff asks that the Court:

(d) award Plaintiff a penalty of $110 per day pursuant to 29 U.S.C. §1132(c)(1) from the due date for lawful production of the requested Legacy Plan documents until their actual delivery in accordance with applicable law and regulations;

(e) award Plaintiff reasonable attorney fees and costs in this action and any action to enforce an order or judgment, and

(f) grant other relief as the Court finds just, necessary or appropriate.

# COUNT III – INJUNCTION TO CREATE AND PRODUCE DOCUMENTS

## PLAINTIFF

v.

## AECOM, AECOM EC

36. Plaintiff incorporates paragraphs 1 through 355 by reference as though set forth in full.

37. AECOM and/or AECOM EC is (are) obligated to create a plan document under 29 U.S.C. §1102(a), a summary plan description (or alternative permitted disclosures of fully insured benefits) and a summary of any material modification to the Legacy Plan under 29 U.S.C. §1021, 1022, and periodic summary annual reports under 29 U.S.C. §1024(b)(3), for the Legacy Plan in accordance with applicable law and regulations.

38. Based on the lack of response to a request for documents, Plaintiff avers that AECOM and/or AECOM EC, as plan sponsor, named fiduciary and/or plan administrator, have failed to create and provide the documents required for the Legacy Plan and requested by Plaintiff in accordance with applicable law, for reasons that were not beyond their control.

39. Plaintiff has been damaged or adversely affected by Defendants' failure to create and distribute required documents in violation of ERISA.

WHEREFORE, Plaintiff asks that the Court:

(a) enjoin AECOM and AECOM EC and their officers, agents, servants, employees, attorneys, fiduciaries and persons in active concert or participation with them, including the Legacy Plan and their service providers, and others who receive actual notice of an order, to comply with governing law and create and produce required plan documents for the Legacy Plan,

   (b) award Plaintiff reasonable attorney fees and costs in this action and any action to enforce an order or judgment, and

   (c) grant such other equitable or remedial relief as the Court may deem appropriate.

**COUNT IV - BREACH OF EMPLOYMENT CONTRACT**

**PLAINTIFF**

**v.**

**AECOM EC**

40. Plaintiff incorporates Paragraphs 1 to 39 by reference as if fully restated.

41. UEC, a prior name of AECOM EC, induced Retiree to perform work for it on the express offer of retiree death benefits.

42. Retiree accepted the offer of UEC through performance of work to his retirement and acquired an unconditional and vested right to retiree life insurance at this retirement.

43. Retiree detrimentally relied on the promise of UEC to provide the promised life insurance benefits in planning his affairs so as to estop AECOM EC, as the successor to UEC for this purpose, from withdrawing its offer.

44. As a result of the completed work and/or detrimental reliance by Retiree, AECOM EC, as the successor to UEC for this purpose, is obligated to make payment in accordance with its offer and is estopped from denying an obligation to make payment in accordance with its offer.

45. AECOM EC breached its employment contracts by failing to make payment of death benefits.

46. Plaintiff (for Retiree's estate or as a third-party beneficiary of the contract) has been damaged by the breach of contract by AECOM EC.

WHEREFORE, Plaintiff asks that the Court:

(a) grant judgment against AECOM EC in favor of Plaintiff for $9,000 or the benefits otherwise due to Plaintiff,

(b) award Plaintiff her attorneys' fees and costs in this action and any action to enforce an order or judgment; and

(c) grant such other relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

By: /s/ Judith Sznyter
JUDITH SZNYTER (Bar No. 91135)
1835 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 351-0641
*Attorney for Plaintiff*

Date: 12/9/2021